Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
*Attorney for Plaintiff, Patricia K. Edmonds*
*on behalf of herself and all others similarly situated*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------X

PATRICIA K. EDMONDS                          Civil Action No.
on behalf of herself and all others similarly
situated
                    Plaintiff,

                                             **CLASS ACTION
                                             COMPLAINT**

        v.


LVNV FUNDING, LLC;
RESURGENT CAPITAL SERVICES LP;
& CREDIT CONTROL, LLC


                    Defendants.
------------------------------------------------------X

        Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint

against Defendants, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil

Procedure, all others similarly situated, alleges as follows:


                                **INTRODUCTION**

1. Plaintiff brings this action to secure redress for the debt collection practices utilized by

    LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), and

    Credit Control, LLC ("Credit Control") (collectively the "Defendants") in connection

    with their attempts to collect an alleged debt from Plaintiff and others similarly situated.

2. Plaintiff alleges that the Defendants' collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See generally* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:

   a. The acts giving rise to this lawsuit occurred within this District; and

   b. Defendants do business within this District.


## PARTIES

7. Plaintiff, Patricia K. Edmonds, is an individual natural person who at all relevant times resided in the City of Edison, County of Middlesex, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. LVNV is a limited liability corporation with its principal place of business located at 55 Beattie Place – Suite 110, Greenville, SC 29601.

10. LVNV is a post-default purchaser of consumer debts. LVNV's business model is to pay less than ten cents on the dollar for an individual's defaulted debt and then seek to collect the full amount of that defaulted debt from the individual.

11. LVNV's website describes LVNV as a corporation that purchases debts after they have been charged off by their original creditor. *See* http://lvnvfunding.com (Last visited May 26, 2021).

12. The principal purpose of LVNV is the collection of debts using the mail and telephone.

13. Debt collection is the principal purpose of LVNV's business.

14. LVNV has no principal purpose other than purchasing defaulted debts and then seeking to collect said debts.

15. Debt collection is LVNV's only business.

16. LVNV is in the business of debt-buying.

17. LVNV exists solely for the purpose of purchasing defaulted debts at a discount and then seeking to collect the full amount of the defaulted debts.

18. LVNV's only business is the purchasing of debts for the purpose of collecting on those debts.

19. LVNV's *raison d'être* is obtaining payment on the debts that it acquires.

20. LVNV does not offer or extend credit or engage in lending, they only purchase defaulted debts at a discount and then attempt to collect said debts.

21. LVNV is licensed as a "debt collector" with the state of New Jersey.

22. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23. Resurgent Capital Services, LP is a limited partnership with its principal place of business located at 55 Beattie Place, Suite 110, Greenville, SC 29601.

24. The principal purpose of Resurgent is the collection of debts using the mail and telephone.

25. Resurgent regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

26. LVNV's website describes Resurgent as a corporation to whom LVNV "outsources the management of its portfolio of accounts…" and that Resurgent acts as an "Account Administrator" for LVNV. *See* http://lvnvfunding.com (Last visited May 26, 2021).

27. Resurgent is licensed as a "debt collector" with the State of New Jersey.

28. Resurgent is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

29. Credit Control LLC is a limited liability corporation with its principal place of business located at 5757 Phantom Drive, Suite 330 Hazelwood, MO 63042.

30. The principal purpose of Credit Control is the collection of debts using the mail and telephone.

31. Credit Control regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

32. Credit Control is licensed as a "debt collector" with the state of New Jersey.

33. Credit Control is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTS**

34. Sometime prior March 30, 2011, Plaintiff allegedly incurred a debt to FIA Card Services, N.A. ("FIA") related to a personal credit card account with an account number ending in 5312 (the "Debt").

35. The alleged Debt arose out of transactions in which the money, property, insurance or services that were the subject of the transactions were primarily for personal, family or household

purposes, namely fees alleged to have emanating from a personal credit card account in Plaintiff's name that was issued by FIA.

36. Plaintiff did not open or use any credit card accounts, including the one Defendants allege she opened with FIA, for business purposes.

37. Plaintiff's alleged Debt to FIA is a "debt" as defined by 15 U.S.C. § 1692a(5).

38. Defendants allege that LVNV purchased the Debt and that LVNV is now the entity to whom the Debt is owed.

39. Defendants contend that the Debt was in default when it was allegedly purchased by LVNV.

40. Plaintiff does not concede or agree that she owes the Debt to LVNV or that the Debt was purchased by LVNV from FIA or any other entity. Plaintiff only alleges that Defendants *claim* that LVNV purchased the Debt after it went into default and that Defendants allege that Plaintiff now owes the Debt to LVNV.

41. Plaintiff disputes owing the Debt to LVNV.

42. Plaintiff denies that arbitration rights, if any, were assigned to Defendants from any entity.

43. Resurgent was never transferred, sold, or assigned any interest or rights with regard to the Debt.

44. Resurgent is not the owner of the Debt or the Plaintiff's creditor, but rather is merely a third-party debt collector with no legal interest or right in the Debt.

45. Credit Control was never transferred, sold, or assigned any interest or rights with regard to the Debt.

46. Credit Control is not the owner of the Debt or the Plaintiff's creditor, but rather is merely a third-party debt collector with no legal interest or right in the Debt.

47. Defendants contend that the Debt is past-due and in default.

48. At the time LVNV and Resurgent referred the alleged Debt to Credit Control, Defendants contend that the Debt was past-due.

49. At the time LVNV and Resurgent referred the alleged Debt to Credit Control, Defendants contend that the Debt was in default.

50. At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

51. Sometime prior to March 26, 2020, LVNV, acting through Resurgent, referred Plaintiff's debt to a debt collector called Alltran Financial, LP ("Alltran") for the purpose of collection of the Debt.

52. Alltran began contacting the Plaintiff via mail in an effort to collect the Debt.

53. On March 26, 2020, in response to Alltran's communications, Plaintiff mailed a letter to Alltran (the "Alltran Letter").

54. The Alltran Letter stated that the Plaintiff disputed the Debt (and another debt), and the very last line of the Alltran Letter stated "Finally, I will not pay these debts under any circumstances."

55. Alltran forwarded the Alltran Letter to LVNV and Resurgent.

56. In response to receiving the Alltran Letter, LVNV and Resurgent sent Plaintiff a letter dated April 22, 2020 (the "Resurgent Letter") which stated that they received an inquiry regarding the Debt and were enclosing an account summary which they claim provided verification of the Debt. (Annexed and attached hereto as **Exhibit A** is a true copy of the Resurgent Letter except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy)

57. In response to receiving the Resurgent Letter, on May 22, 2020, Plaintiff mailed a letter to LVNV care of Resurgent ("Plaintiff's Letter") that stated "In response to your April 22, 2020 letter, I refuse to pay this debt under any circumstances". (Annexed and attached hereto as

**Exhibit B** is a true copy of the Plaintiff's Letter except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy)

58. LVNV and Resurgent (who both share the same address) received the Plaintiff's Letter in the mail on May 27, 2020 at 7:03am.

59. After Resurgent received the Plaintiff's Letter, they entered it into their records for the Plaintiff's Debt and her account.

60. After Resurgent received the Plaintiff's Letter, they forwarded it to LVNV who then entered the Plaintiff's Letter into their records for the Plaintiff's Debt and her account.

61. At all times after May 27, 2020 at 7:03am, LVNV and Resurgent had actual written notification from the Plaintiff through the Plaintiff's Letter that she refused to pay the Debt "under any circumstances".

62. Sometime on or after May 27, 2020 at 7:03am, LVNV and Resurgent referred the Debt to Credit Control for collection.

63. LVNV and Resurgent referred the Debt to Credit Control in response to receiving the Plaintiff's Letter.

64. At the time LVNV and Resurgent referred the Debt to Credit Control for collection, LVNV and Resurgent provided Credit Control with all their account information related to the Debt and the Plaintiff. Included in the account information that LVNV and Resurgent provided to Credit Control was the fact that LVNV and Resurgent received the Plaintiff's Letter from Plaintiff wherein she, in writing, told LVNV and Resurgent that she refused to pay the Debt under any circumstances.

65. On or about June 2, 2020, Credit Control mailed or caused to be mailed a letter to Plaintiff (the "Credit Control Letter"). (Annexed and attached hereto as **Exhibit C** is a true copy of the Credit Control Letter dated June 2, 2020 that Credit Control mailed or caused to be mailed to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

66. Credit Control had actual knowledge prior to mailing the Credit Control Letter to Plaintiff that LVNV and Resurgent had received the Plaintiff's Letter attached as **Exhibit B** from Plaintiff wherein she stated, in writing, that she refused to pay the Debt.

67. Credit Control mailed the Credit Control Letter attached as **Exhibit C** as a part of their efforts to collect the Debt on behalf of LVNV and Resurgent.

68. Credit Control mailed the Credit Control Letter at the direction and request of LVNV and Resurgent.

69. Plaintiff received the Credit Control Letter in the mail.

70. Plaintiff read the Credit Control Letter upon receipt of it in the mail.

71. The Credit Control Letter was sent in connection with the collection of the Debt.

72. The Credit Control Letter seeks to collect the Debt.

73. The Credit Control Letter conveys information regarding the Debt including the Total Due, Credit Control account number, and requested payment of the Debt.

74. The Credit Control Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

75. As of June 2, 2020, the statute of limitations for collecting the alleged Debt had expired.

76. The Credit Control Letter contains no warning or notification that the Debt was passed the statute of limitations.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
**(against LVNV Funding, LLC & Resurgent Capital Services, L.P.)**

77. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

78. The conduct of the LVNV and Resurgent in this case violates 15 U.S.C. §§ 1692c(c) and 1692d.

79. 15 U.S.C. § 1692c(c) provides:

> If a consumer notifies a debt collector in writing that the consumer **refuses to pay a debt** or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --

>> (1) to advise the consumer that the debt collector's further efforts are being terminated;

>> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

>> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

> If such notice from the consumer is made by mail, notification shall be complete upon receipt

> (Emphasis Added)

80. 15 U.S.C. §1692d provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt

81. LVNV and Resurgent violated § 1692c(c) of the FDCPA because they continued to communicate with the Plaintiff in an attempt to collect the Debt after receiving the Plaintiff's Letter attached as **Exhibit B**. The Plaintiff's Letter clearly communicated, in writing, that Plaintiff refuses to pay the Debt by stating, "I refuse to pay this debt under any circumstances." Stating that you refuse to pay a debt under any circumstances is an unmistakable and clear refusal to pay a debt. After receiving the Plaintiff's Letter, 15 U.S.C. § 1692c(c) required LVNV and Resurgent to cease all communications with Plaintiff other those communications described in subjections (1), (2) and (3) of § 1692c(c), none of which are applicable here. Rather than cease communications with the Plaintiff, LVNV and Resurgent referred the Debt to Credit Control and then directed Credit Control to communicate with the Plaintiff, on their behalf (an "indirect" communication), in an attempt to collect the Debt by sending the Credit Control Letter to Plaintiff.

82. LVNV and Resurgent violated § 1692d of the FDCPA because their efforts to collect the Debt after receiving the Plaintiff's Letter attached as **Exhibit B** has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt. Rather than ceasing communications with the Plaintiff, as they were legally required to do, LVNV and Resurgent instead began a campaign of harassment and abuse directed toward the Plaintiff by hiring Credit Control to contact the Plaintiff in an effort to collect the Debt. This conduct has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt, and thus LVNV and Resurgent violated § 1692d.

10

83. LVNV and Resurgent are liable to the Plaintiff damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

## CLAIMS FOR RELIEF

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(against Credit Control)

84. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

85. The conduct of Credit Control in this case violates 15 U.S.C. § 1692d and § 1692e.

86. At the time LVNV and Resurgent referred the Debt to Credit Control, LVNV and Resurgent provided Credit Control with all LVNV and Resurgent's account information related to the Debt and the Plaintiff, including information that LVNV and Resurgent received the Plaintiff's Letter attached as **Exhibit B** wherein Plaintiff stated, in writing, "I refuse to pay this debt under any circumstances."

87. Credit Control had actual knowledge prior to sending the Credit Control Letter to Plaintiff that LVNV and Resurgent had received the Plaintiff's Letter, wherein she, in writing, stated she refused to pay the Debt under any circumstances.

88. Credit Control had actual knowledge prior to sending the Credit Control Letter to Plaintiff that LVNV and Resurgent had received the Plaintiff's Letter from Plaintiff, and therefore that LVNV and Resurgent were legally prohibited from continuing to communicate with Plaintiff in an attempt to collect the Debt. Despite this actual knowledge, Credit Control communicated with the Plaintiff, at the request of and on behalf of LVNV and Resurgent, in an attempt to collect the Debt. Credit Control's

11

continued communication with the Plaintiff on behalf of and at the direction of LVNV and Resurgent, despite knowing that LVNV and Resurgent were not legally allowed to communicate with the Plaintiff in connection with the collection of the Debt, has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt.

89. Credit Control violated 15 U.S.C. § 1692e because their letter attached as **Exhibit C** did not disclose or otherwise notify Plaintiff that the Debt was passed the statute of limitations.

90. Credit Control is liable to the Plaintiff for damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

## POLICIES AND PROCEDURES COMPLAINED OF

91. Upon receipt of a letter from consumers wherein they state in writing that they refuse to pay a debt or that they wish for communications to cease, LVNV and Resurgent ignore the letter(s) and refer the underlying debt to a new collection agency as part of their standard practice and policy in contravention to the FDCPA.

92. Credit Control, as a part of their standard practice and policy, communicate with consumers on behalf of LVNV and Resurgent despite having actual knowledge that LVNV and Resurgent are prohibited from communicating with a consumer in connection with the collection of a debt.

## CLASS ALLEGATIONS

93. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

94. This action is brought as a class action on behalf of three classes. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

95. Class A consists of (a) all individuals (b) with a New Jersey address (c) who were alleged to owe a debt to LVNV (d) where LVNV and/or Resurgent referred a debt to a collection agency after receiving a letter from an individual that stated either (i) that they refused to pay the debt or (ii) that they wished for communications to cease (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

96. Class B consists of (a) all individuals (b) with a New Jersey address (c) to whom Credit Control sent a letter in a form materially identical to the Credit Control Letter attached as **Exhibit C** (d) which was not returned as undeliverable (e) in an attempt to collect a debt allegedly owed to LVNV (f) after having been provided information from either LVNV and/or Resurgent that the individual had previously notified LVNV and/or Resurgent in writing either (i) that they refused to pay the debt or (ii) that they wished for communications to cease (g) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

97. Class C consists of (a) all individuals (b) with a New Jersey address (c) who were sent a Letter from Credit Control in a form materially identical or substantially similar to letter attached as **Exhibit C** to the Complaint (d) in an attempt to collect a debt allegedly owed to LVNV (e) which was not returned as undeliverable (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (g)

that did not disclosure or otherwise state the debt the letter sought to collect was passed the applicable statute of limitations in New Jersey.

98. The class definitions above may be subsequently modified or refined.

99. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

100.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   i. **<u>Numerosity</u>**: Plaintiff is informed and believes and on that basis alleges that the classes defined above are so numerous that joinder of all members of each class would be impracticable. Defendants' conduct involves standardized practices and the sending of form collection letters. Upon information and belief, there are at least 40 members of each class. The exact number of class members of each class is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

   ii. **<u>Common Questions Predominate</u>**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but

are not limited to: (a) The existence of the Defendants' identical conduct particular to the matter at issue; (b) Defendants' violations of the FDCPA, specifically 15 U.S.C. §1692c(c), §1692d and §1692e; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii. **<u>Typicality</u>**: Plaintiff's claims are typical of those of the classes they seek to represent. Plaintiff's claims and those of each class members originate from the same conduct, practice, and procedure, on the part of Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member of each class. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members of each class.

iv. **<u>Adequacy</u>**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **<u>Superiority</u>**: A class action is superior to the other available means for the fair and

efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

1. An order certifying that Counts I and II may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that LVNV and Resurgent violated 15 U.S.C. §§ 1692c(c) and 1692d;

3. Adjudging that Credit Control violated 5 U.S.C. §§ 1692d and 1692e;

4. An award of statutory damages for Plaintiff and the classes pursuant to 15 U.S.C. § 1692k;

5. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

6. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
      May 26, 2021

                              /s/ Ryan Gentile

By:_____

                        Ryan Gentile, Esq.
                        Attorney for Plaintiff
                        110 Jericho Turnpike – Suite 100
                        Floral Park, NY 11001
                        Tel: (201) 873-7675
                        Fax: (212) 675-4367
                        rlg@lawgmf.com